**UNITED STATES of America, Hoopa Valley Tribe, Hoopa Valley Housing Authority, Plaintiffs-Appellees,**

v.

**COUNTY OF HUMBOLDT, a political subdivision of the State of California, Defendant-Appellant,**

**and**

**State of California, Defendant-Intervenor-Appellant.**

Nos. 77–1026, 77–1085.

United States Court of Appeals, Ninth Circuit.

April 1, 1980.

No appearance for defendant-appellant.

Maryann Walsh, Dept. of Justice, Washington, D. C. (on brief), and Rodney H. Hamblin, San Francisco, Cal., argued, for Hoopa Valley Tribe.

Before DUNIWAY and TANG, Circuit Judges, and von der HEYDT,* District Judge.

DUNIWAY, Circuit Judge:

In this action, the United States, the Hoopa Valley Tribe, and the Hoopa Valley Housing Authority sought to enjoin the County of Humboldt, California, from enforcing its zoning and building codes against four Indian construction projects on

---

* The Honorable James A. von der Heydt, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

Indian Trust Property within the Hoopa Valley Reservation. The State of California intervened in support of the County. The County, by way of counterclaim, sought to enforce the codes, and also its ordinances No. 945 (Sewage) and No. 896 (Roads). Cross motions for preliminary injunctions were consolidated with trial on the merits.

The trial court entered a "judgment" which enjoined the County from enforcing ordinances No. 519 (Zoning), No. 777 (Building Codes) and No. 940 and No. 988 (amending 777). The court did not rule on the County's right to enforce ordinances No. 896 (Roads) and No. 945 (Sewage).

In No. 77–1026, California appealed on December 2, 1976. On January 25, 1977, California filed a notice of withdrawal of its appeal. It has filed no brief and did not appear for argument. California has abandoned its appeal, and it will be dismissed.

■ In No. 77–1085, the County appeals. The United States suggests that we do not have jurisdiction because the court's judgment disposed of fewer than all the claims, and the court did not make the determination provided for in Rule 54(b), F.R.Civ.P. Overlooked, however, is the fact that the judgment is an injunction, and is thus appealable under 28 U.S.C. § 1292(a)(1). *Ackerman-Chillingworth v. Pacific Electrical Contractors Association*, 9 Cir., 1978, 579 F.2d 484, 489. We have jurisdiction of the appeal.

■ On the merits, we find the case of *Santa Rosa Band of Indians v. Kings County*, 9 Cir., 1976, 532 F.2d 655 (hereafter *Santa Rosa*), squarely in point and therefore controlling. We there held that Kings County was without jurisdiction to enforce its zoning ordinance or building code on Indian reservation trust lands, and that Pub.L. 280, 28 U.S.C. § 1360, did not grant the county jurisdiction to do so.

In the case at bar, the County recognizes that *Santa Rosa* is in point, but asks that it be overruled. To that end, it suggested that this case be heard in banc, in the first instance. No judge in active service called for a vote on the suggestion, and it was thereby rejected. We are asked to suggest that the case be reheard in banc, on the ground that the County has discovered certain "vital, relevant pieces of legislative history" which were not examined in *Santa Rosa*. This we decline to do, for several reasons.

First, in *Bryan v. Itasca County*, 1976, 426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710, Mr. Justice Brennan, speaking for a unanimous Court, held that Pub.L. 280 did not confer on the state of Minnesota[1] authority to tax Indian personal property situated on tribal trust land within a reservation. In so doing, he reviewed the legislative history of Pub.L. 280 at length, adopted a rationale similar to our own in *Santa Rosa*, and cited the case with apparent approval, 426 U.S. at 388–389 & n.14, 96 S.Ct. at 2110–2111.

Second, we continue to believe that *Santa Rosa* was correctly decided.

Third, the "pieces of legislative history" to which the County refers were not overlooked. In *Santa Rosa*, we relied upon legislative history as presented in Goldberg, *Public Law 280: The Limits of State Jurisdiction Over Reservation Indians*, 22 U.C.L.A.L.Rev. 535 (1975), and *The Extension of County Jurisdiction Over Indian Reservations in California*, 25 Hastings L.J. 1451 (1974), both of which discussed the material on which the County relies as "not examined" in *Santa Rosa*. As the government points out:

*Capitan Grande Band of Mission Indians v. Helix Irr. Dist.*, 514 F.2d 465, 468–469 (C.A. 9, 1975), cited S.Rep. No. 699 (2 U.S.Code Cong. and Admin.News 1953, pp. 2409, 2412), which same references are also included in the County's brief at

---

1. Pub.L. 280 applies to California in the same way as it does to Minnesota. 28 U.S.C. § 1360(a).

p. 28. *Confederated Bands and Tribes of the Yakima Indian Nation v. State of Washington*, 550 F.2d 443, 446 (C.A.9, 1977), in noting that prior to enactment of P.L. 280, the Department of the Interior had consulted with various Indian tribes, referenced the June 29, 1959, letter from Interior to the Chairman of the House Committee on Interior and Insular Affairs, which Humboldt County characterized as a "recently discovered" BIA report. (Brief for United States, pp. 12–13)

Fourth, we are "bound by the Supreme Court's determinations of legislative history and purpose." *See, e. g., In re Continental Investment Corp.*, 1 Cir., 1978, 586 F.2d 241, 248; *United States v. Herrera*, 2 Cir., 1978, 584 F.2d 1137, 1145. Thus, it is really *Bryan v. Itasca County, supra*, that the County is attacking.

Fifth, we have examined the pieces of legislative history that the County presents, a letter from the Assistant Secretary of the Interior to the Chairman of the House Committee on Interior and Insular Affairs, dated June 29, 1953, a Report with Respect to the House Resolution Authorizing the Committee on Interior and Insular Affairs to Conduct an Investigation of the Bureau of Indian Affairs, H.R. Rep. 2503, 82d Cong.2d Sess. (1952); Hearing on H.R. 1063 Before the Subcommittee on Indian Affairs of the Committee on Interior and Insular Affairs, 83d Cong. 1st Sess. (June 29, 1953) and Hearing on H.R. 1063 Before the Committee on Interior Affairs House of Representatives, 83d Cong. 1st Sess. (July 15, 1953). We have considered particularly those passages on which the County relies, and find nothing in them that persuades us to doubt the correctness of our decision in *Santa Rosa*.

In No. 77–1026, the appeal is dismissed.

In No. 77–1085, the judgment appealed from is affirmed. We decline to recommend that the case be heard in banc, but without prejudice to the right of the County to petition for a rehearing in banc.